```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

J&J SPORTS PRODUCTIONS, INC.                CIVIL ACTION

VERSUS                                      NO: 14-0989

GABBY'S RESTAURANT & LOUNGE,                SECTION: "A" (5)
INC. d/b/a GABBY'S LOUNGE,
THERESA A. PIER AND
ELIZABETH A. PIER
```

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 11)** filed by defendants Gabby's Restaurant & Lounge, Inc. d/b/a Gabby's Lounge, Theresa A. Pier, and Elizabeth A. Pier (collectively "Defendants"). Plaintiff J&J Sports Productions, Inc. opposes the motion. The motion, set for submission on August 13, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

Plaintiff J&J Productions, Inc. is a nationwide distributor of closed circuit pay-per-view events. (Rec. Doc. 1, Comp. at 4). Through a valid and enforceable contract, Plaintiff purchased commercial distribution and broadcast (closed circuit) rights to Floyd Mayweather, Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program (hereinafter "Program"). *Id.* at 7. Through sub-licensing agreements, Plaintiff granted

various entities limited rights to display the Program on May 5, 2012 at their respective establishments. Defendants Gabby's Lounge, Theresa A. Pier, and Elizabeth A. Pier did not have a sub-licensing agreement with plaintiff J&J Productions, Inc. nor any right regarding the Program. *Id.* However, at the time of the Program's transmission, Plaintiff claims that Defendants knowingly and unlawfully "intercepted, received, published, divulged, displayed, and/or exhibited" the Program at its establishment. *Id.* at 8.

Plaintiff subsequently filed this Complaint on April 30, 2014 asserting violations of Title 47 U.S.C. Section 605 (a), (e)(3)(a) and (e)(4), Title 18 U.S.C. section 2511 in conjunction with section 2520, and Title 47 U.S.C. Section 553. *Id.* at 11. Defendants move to dismiss Plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on the matter being procedurally time barred. Plaintiff opposes the motion.

**II.  DISCUSSION**

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*,

378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950). A Rule 12 (b)(6) motion is a proper vehicle to raise an argument that an action is barred based on the applicable statute of limitations. See *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (2003)

(citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (2002)).

The FCA does not provide a statute of limitations for actions under 47 U.S.C. § § 553 and 605. *Prostar v. Massachi*, 239 F.3d 669, 671 (5th Cir. 2001). In the absence of a federal statute of limitations for a particular statute, the court should first borrow from the limitations period of the most analogous state statute. *North Star Steel Co. v. Thomas,* 515 U.S. 29 (1995). However, there is a narrow exception that allows courts to borrow the limitations period from analogous federal law if borrowing from the state law would be at odds with the purpose of the federal substantive law or would frustrate federal policy. *Id.* Courts should only decline to follow a state limitations period "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Id.* at 35.

Defendants bring this 12(b)(6) motion asserting that Plaintiff's right of action under 47 U.S.C. § 605; 18 U.S.C. § 2511, 2520; and 47 U.S.C. § 553 et seq is time barred. Defendants, citing to *North Star*, state that because there is no express statute of limitations for sections 605 and 553, the court must turn to the most analogous state prescription period.

Defendants suggest Plaintiff's complaint is a claim for personal injury; therefore, the court should apply the one-year limitations period for personal injury claims under Louisiana tort law.

Plaintiff responds to Defendant's Motion by asserting that Louisiana's one-year tort statute of limitations would undermine the purpose of the Federal Communications Act ("FCA"). Plaintiffs, citing to *Pro Star v. Massachi,* argue that the court should consider competing interests and compare protection of similar federal and state law to arrive at the applicable statute of limitations. Plaintiffs contend that the three-year United States Copyright Act statute of limitations should apply because of its similarity in policy objectives and purpose.

Plaintiff correctly identifies Fifth Circuit precedent determining this very issue. In *Prostar*, the plaintiff was a corporation that purchased commercial sales rights in Louisiana, among other states, for the transmission of a particular broadcast. The plaintiff filed a claim against the defendant, Jimani Lounge and Restaurant, asserting violations under the FCA. *Prostar* 239 F.3d at 671. The plaintiff alleged that the defendants unlawfully intercepted and displayed the broadcast. *Id.* Defendants contended that the action was time barred based on Article 3492 of the Louisiana Civil Code which has a one-year statute of limitations period governing delictual actions. *Id.*

5

The court in *Prostar* set forth three successive levels of analysis to determine whether the exception of using federal limitations periods would apply. *Id.* at 672. First, the court must "characterize the essence" of the statute in question in order to determine which state cause of action is most analogous. *Id.* Next, the court must decide if the most analogous state statute would frustrate the policies underlying the federal law or interfere with its practical implementation. *Id.* Lastly, the court must determine whether there is another federal law more closely analogous than the state law. *Id.*

During the first part of the analysis, the court in *Prostar* determined through legislative history that Congress' main purpose in creating §§ 553 and 605 was to discourage cable theft and to "protect the revenue of television cable companies from unauthorized reception of their transmissions." *Id.* at 673. The court examined three possible analogous state laws: Louisiana law governing delictual actions, Louisiana law governing personal actions, and Louisiana law regarding recovery of compensation. *Id.* at 675. The court decided that the Louisiana law governing delictual actions was the most analogous state law. *Id.* In the second part of the analysis, the court recognized the "multistate nature" of actions brought under the FCA. *Id.* at 676. The court noted that cable broadcasts are conducted on a national and international basis, unlike the many other cases where courts

applied the limitations period of the most analogous state statute. *Id.* The court concluded that using the state law limitations period would seriously weaken the implementation of the FCA because applying state law would cause each of the fifty states to use varying limitations periods. *Id.* In the third part of the analysis, the court examined other analogous federal law and determined that the Copyright Act provided a more appropriate analogue to the FCA because it would eliminate the practical difficulties of applying the state law. *Id.* Therefore, the court held that the claims in *Prostar* were to be governed by a three-year statute of limitations under the Copyright Act. *Id.*

The case before this Court is nearly identical to the *Prostar* case. Both cases involve plaintiffs who purchased broadcasting rights for the transmission of a particular broadcast. Both cases involve defendants allegedly displaying the particular broadcasts at their establishment without any authority to do so. Additionally, both plaintiffs assert violations under §§ 553 and 605 in the original complaint. Finally, the defendants in both cases argue that the complaint is procedurally time barred.

Because the case before this Court is indistinguishable from the binding precedent in *Prostar*, the Court concludes that the applicable statute of limitations is three years under the Copyright Act.

As to an action brought under 2511 in conjunction with 2520, the statute clearly states, "a civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520. The alleged violation took place on May 5, 2012. The claim was filed on April 30, 2014. Plaintiff's claims were not time barred under either a two year or three year period; therefore, Defendant's 12(b)(6) Motion to Dismiss is **DENIED**.

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 11)** filed by defendants Gabby's Restaurant & Lounge, Inc. d/b/a Gabby's Lounge, Theresa A. Pier, and Elizabeth A. Pier (collectively "Defendants"), is **DENIED.**

November 6, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

8